UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TARENCE KIRKLAND,

                    Plaintiff,

          -against-

WESTCHESTER COUNTY DISTRICT
ATTORNEYS OFFICE,

                    Defendant.

25-CV-3812 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. He sues the Westchester County District Attorney's Office ("Westchester County DA's Office"), alleging that the Westchester County DA's Office "filed documents claiming Plaintiff could not be located," which "resulted in a 13-month delay in Plaintiff's production, directly violating his 14th Amendment rights."[1] (ECF 15, at 4.) By order dated June 30, 2025, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court dismisses the first amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

---

[1] On March 11, 2026, and March 19, 2026, Plaintiff filed amended pleadings. The amended pleading filed on March 19, 2026, is the operative pleading.

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are taken from the first amended complaint.[2] On or about August 27, 2019, Defendant mailed a letter to the Motion Department Supervisor at the New

---

[2] The Court quotes from this pleading verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

York Supreme Court, Appellate Division, Second Department, requesting an adjournment for the return date of Plaintiff's motion for leave to appeal the denial of his post-conviction motion.[3] (*See* ECF 15, at 4, 13.) Defendant noted in its letter that, because Plaintiff was incarcerated, it could not obtain his consent to its request; it did, however, mail a copy of the August 27, 2019 letter to Plaintiff at Greene Correctional Facility, where Plaintiff was incarcerated. (*Id.* at 13.)

Plaintiff alleges that Defendant "claim[ed] Plaintiff could not be located[,] [which] resulted in a 13-month delay in Plaintiff's production." (*Id.* at 4.) Plaintiff contends that during this delay, Defendant filed documents with "falsified dates" which "were used to mislead the Court and justify the continued illegal detention of the Plaintiff." (*Id.*)

The first amended complaint also includes allegations involving the State of New York, including an allegation that it "manufactured a 'phantom' Parole Hearing that never occurred." (*Id.*) Plaintiff contends that the State "never produced [him] for this hearing" and that Defendant "created" "fraudulent documents . . . to justify keeping him on parole for an additional 21 months, with parole ending on July 13th, 2022." (*Id.*)

Plaintiff indicates that he exhausted his state court remedies, with the State issuing a final decision on October 30, 2025, which he claims was "successful" and "'cements' the fact that the 34-month total deprivation of liberty was unconstitutional." (*Id.*) In support of his claim that his challenge in the state courts was successful, Plaintiff attaches a New York Court of Appeals October 30, 2025 order dismissing Plaintiff's leave to appeal the Appellate Division's August 18, 2025 denial of his leave application; the Court of Appeals' order indicates that Plaintiff sought leave to appeal an order of the Supreme Court, Westchester County. (*Id.* at 11.)

---

[3] Plaintiff alleges that the letter was "issued" on August 22, 2019, but the attachment he provides, shows that the letter was dated August 27, 2019.

Plaintiff seeks damages for the time spent in custody, that is, "the 34 months of unconstitutional over-detention." (*Id.* at 9.) He also seeks declaratory relief.

## DISCUSSION

The Court must dismiss Plaintiff's Section 1983 claims against the Westchester County DA's Office. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity[.]" *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. In the State of New York, a District Attorney's Office, when prosecuting a criminal matter, is deemed an arm of the State of New York and, therefore, in that context, enjoys Eleventh Amendment immunity from suit. *See, e.g.*, *Mitchell v. New York*, No. 23-705, 2024 WL 319106, at *2 (2d Cir. Jan. 29, 2024) (summary order) ("[Section] 1983 suits against a district attorney in his official capacity and a district attorney's office are barred by the Eleventh Amendment." (citing, *inter alia*, *Ying Jing Gan v. City of New York*, 996 F.2d 552, 536 (2d Cir. 1993)); *Singleton v. N.Y.C. Police Dep't*, No. 1:20-CV-9699 (LLS), 2021 WL 665032, at *2 (S.D.N.Y. Feb. 17, 2021) ("Courts have held that an office of a district attorney in New York State is afforded Eleventh Amendment immunity with regard to its decision to prosecute. Courts have also held that such an office is a nonsuable entity." (citations omitted)).

New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The Court therefore dismisses Plaintiff's claims against the Westchester County DA's Office, as barred by the Eleventh Amendment. *See* 28 U.S.C. § 1915(e)(2)(b)(iii).

To the extent Plaintiff seeks to assert claims against prosecutors in the Westchester County DA's Office, such claims also are barred by the Eleventh Amendment. The prosecutors involved in Plaintiff's parole revocation proceedings are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (explaining that absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). Because Plaintiff's claims against any prosecutor who filed documents associated with Plaintiff's parole revocation proceedings would be based on actions taken within the scope of her prosecution of Plaintiff, those claims would be barred by prosecutorial immunity.

Finally, the relief Plaintiff seeks, damages under Section 1983 for alleged constitutional violations associated with his parole revocation proceedings,[4] is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the Supreme Court held that to recover monetary damages for:

> [an] allegedly unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for

---

[4] It appears Plaintiff may be attempting to assert a fair trial claim based on fabricated evidence. *See Hincapie v. City of New York*, 434 F. Supp. 3d 61, 75 (S.D.N.Y. Jan. 22, 2020) (describing elements of a fabricated evidence claim). Such a claim accrues when the underlying criminal proceedings has been resolved in the plaintiff's favor. *See McDonough v. Smith*, 588 U.S. 109, 116-17 (2019). As discussed below, Plaintiff does not allege that his parole revocation proceedings resolved in his favor.

damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 486-87 (footnote omitted); *see Channer v. Mitchell*, 43 F.3d 786, 787 (2d Cir. 1994) (per curiam) (affirming dismissal under *Heck* of Section 1983 claims alleging that police officers "committed numerous acts of perjury and coerced witnesses to wrongfully identify [plaintiff]," and noting that "these allegations, if proven, would have rendered [plaintiff's] conviction invalid").

Here, Plaintiff's claim, that Defendant filed false documents during Plaintiff's parole revocation proceeding, if successful, would necessarily undermine his conviction. *Heck* therefore bars Plaintiff's claims for money damages. Before seeking relief under Section 1983, Plaintiff must show "that the conviction or sentence has been reversed on direct appeal" or otherwise invalidated. *Heck*, 512 U.S. at 487. Plaintiff has not done so. Although he asserts that his challenge to his parole revocation conviction was successful, the documents he attached to his complaint do not support this assertion. For example, in its order dismissing Plaintiff's leave to appeal application, the New York State Court of Appeals indicated that the Appellate Division denied Plaintiff leave to appeal an order of the Supreme Court, Westchester County. (*See* ECF 15, at 11.) The Court therefore dismisses these claims, without prejudice, for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## SUPPLEMENTAL JURISDICTION

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed

the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND DECLINED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Court concludes that it would be futile to permit Plaintiff to amend his pleading. He cannot assert claims against Defendant, and *Heck* bars his damages claims. The Court therefore declines to grant Plaintiff leave to amend.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii). The Court directs the Clerk of Court to terminate any motions in this action.

The Court directs the Clerk of Court to enter a civil judgment in this action.

SO ORDERED.

Dated:     April 28, 2026
           New York, New York

_____
           Louis L. Stanton
           U.S.D.J.